JOHN N. PROCTOR *v.* STEPHEN BIDDLE ET AL.

Courts—Jurisdiction of Cause Formerly Adjudicated in Federal oCurt.

A plaintiff, claiming lands embraced in a boundary, the adjudications of which had been finally settled in the federal court, cannot have correction of his error made in a state tribunal; it will be necessary to correct them in the court in which the error occurred.

APPEAL FROM FLEMING CIRCHIT COURT.

December 1, 1869.

OPINION OF THE COURT BY JUDGE WILLIAMS:

Whether in fact the land in controversy is included by both the entry and patent boundary of Ambrose Walden, or wholly by either of them, it is obviously the same land designated by the letter A, and boundary 1, a, b, 4, 5, 6, 11, 1, as laid down in a diagram in the opinion of the Supreme Court of the United States, in the cases of *Walden vs. Bradley's Heirs, 9 Howard, 23,* and described as occupied by Kinkead, claiming under Proctor, who claimed to have purchased and taken possession under Jonathan H. Rose, in March, 1827, who claimed under Jonathan Rose, and he under Craig.

As no sufficient ground appears to have been disclosed for reversing the decisions of the Federal court, even if the lower court had jurisdiction to do so, and the rights of the appellant to the land were litigated in said suits, supposing the land to lie as said diagram represents it, within both the entry and patent of Ambrose Walden, we are of the opinion that the appellant was certainly concluded by the former adjudication, if it was true that the land was within said entry and patent.

But if, as is alleged in the amended petition of the appellants, the agents of the successful party in said suits, under the pretext of executing the final decree therein, obtained possession of the land of the appellant lying outside of Ambrose Walden's entry and patent, and to which the plaintiffs in said suits were not entitled, according to the principles of said decision, yet as it suf-

ficiently appears that the possession was taken and Kinkead was evicted under and by color of the execution of said decree, by the proper officer of the Federal Court, we are of the opinion that the appellant could not maintain this action in the State court for the recovery of the land against the appellees, who so acquired the possession; but if said proceedings were erroneous or irregular, the appellants' remedy was to have them corrected or set aside in the same court in which they occurred.

This conclusion renders it unnecessary to decide whether the action was not also barred by the judgments in the previous suits, between the same parties, in the Fleming and Mason circuit courts.

Wherfore, the judgment is *affirmed*.

*Scott*, for appellant.

*Lindsey*, for appellee.